UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CLIFTON GORHAM,<br><br>Defendant. | Criminal No. 05-212M-01<br><br>**FILED**<br><br>MAY 0 5 2005<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### DETENTION MEMORANDUM

The Defendant, Clifton Gorham, has been charged in a criminal complaint with possession of a firearm and the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held on May 4, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Officer Daxzaneous Bank of the Metropolitan Police Department testified for the government. The officer testified that on April 18, 2005 at approximately 6:40 p.m.

at North Capital Street between M and P Streets, in the District of Columbia the Defendant was observed by Officer Banks riding a bicycle north bound. Several pedestrians notified the officer that the Defendant was the individual who, moments earlier, had fired a handgun. Although the officer signaled to the Defendant to stop, the Defendant kept riding the bicycle away from the officer. After several moments, the Defendant began fleeing on foot. The officer observed the Defendant stop behind a truck and throw an object onto the back of the truck. The Defendant was subsequently apprehended. Upon searching the back of the truck, the police recovered a 40 caliber Glock semi-automatic handgun.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where, as here, the offense pending against the defendant is not a crime of violence, the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is

more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The nature and circumstances of the offense and the weight of the evidence, favor detention. Unlawful possession of a loaded firearm is a serious offense. The Defendant was in possession of a loaded handgun and attempted to dispose of that handgun when arrested.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has had multiple prior convictions. The factor weighing heavily in the Court's ruling is this Defendant's long criminal history, including convictions for prison breach and escape. The Court considers the Defendant's flight from the officer as further indication of his lack of regard for the judicial system. Additionally, this Defendant was charged on March 11, 2005 for a possession with intent to distribute a narcotic and was granted pre-trial release by the D.C. Superior Court. Seven days later, he was found violating the terms of that release and charged in the instant case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves a handgun. The rampant epidemic of shootings and murders reported daily by the news media bears graphic witness to the fact that unlawful possession of a firearm is an offense that tears

the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released pretrial. Therefore, the government's motion for pretrial detention is granted.

May 5, 2005
DATE

ALAN KAY
UNITED STATES MAGISTRATE JUDGE