**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Crim. No. 05-170 (RJL)** |
| **CLIFTON RAY GORHAM,** | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

Defendant, through undersigned counsel, moves to suppress as evidence against him at trial testimony about out-of-court and in-court identifications, on the ground that law enforcement officers used identification procedures that were unnecessarily suggestive. The resulting identifications of Mr. Gorham are unreliable and testimony about them should not be permitted at trial. Mr. Gorham asks that the Court hold an evidentiary hearing on his motion. The grounds for this motion are set forth below.

Mr. Gorham was indicted and charged with several counts, including felon in possession of a firearm and/or ammunition, assault with a dangerous weapon, and possession of a firearm during the commission of a crime of violence or dangerous offense. The underlying offenses are said to have occurred on April 19, 2005. The government alleges that Mr. Gorham shot a weapon, allegedly at an unknown person, then fled on bike with the weapon, and ultimately tossed the weapon into a truck. It appears from the discovery that Mr. Gorham may have been identified both by civilian witnesses at various points, and officers, as having been involved. Counsel has yet to see the photo arrays, if any, that were used. Counsel believes no line-ups were

conducted. Counsel believes there may have been show-ups after Mr. Gorham was stopped by the officers. These in all likelihood occurred while he was in custody and handcuffed. The identification procedures were unduly suggestive and unreliable.

**ARGUMENT**

Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. Manson v. Braithwaite, 432 U.S. 98, 107 (1977); see Simmons v. United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, 301-02 (1967). "[R]eliability is the linchpin in determining the admissibility of identification testimony." Manson, 432 U.S. at 114. When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

Id.

After an out-of-court identification that was unduly suggestive, the prosecution can elicit an in-court identification only after demonstrating that any in-court identification by the witness rests on a source independent of the tainted pretrial identification. See United States v. Wade, 388 U.S. 218, 241 (1967). If an out-of-court identification is unreliable and hence inadmissible, any subsequent in-court identification almost always will be inadmissible

In this case, it appears likely that the police used unnecessarily suggestive

identification procedures giving rise to a "substantial likelihood of irreparable misidentification" of Mr. Surratte as the person involved in the events leading to both arrests. See Manson, 432 U.S. at 107. The Court should therefore suppress evidence of his identification. Because the defense has not received complete information about the circumstances of the identifications at this time, Mr. Gorham requests that, at an evidentiary hearing, he be permitted to inquire into the circumstances of the identifications so that he can demonstrate to the Court the unnecessary suggestivity of the procedures and the unreliability of the resulting identifications. Mr. Gorham may seek leave to supplement this motion upon receipt of further information about the identification procedures used or following a hearing at which his counsel is able to elicit such information.

## CONCLUSION

For the reasons described above, this Court should suppress any identifications of Mr. Gorham.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

Michelle Peterson
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Crim. No. 05-170 (RJL) |
| CLIFTON RAY GORHAM, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Defendant, through undersigned counsel, moves to suppress as evidence against him at trial testimony about out-of-court and in-court identifications, on the ground that [illegible] Further, this Court should suppress any [illegible] Mr. Gorham [illegible] hearing on his motion. The grounds for this motion are set forth below.

Mr. Gorham was indicted and charged with several counts, including felon in possession of a firearm and/or ammunition, assault with a dangerous weapon, and possession of a firearm during the commission of a crime of violence or dangerous offense. The underlying offenses are said to have occurred on April 19, 2005. The government alleges that Mr. Gorham shot a weapon, allegedly at an unknown person, then fled on bike with the weapon, and ultimately tossed the weapon into a truck. It appears from the discovery that Mr. Gorham may have been identified both by civilian witnesses at various points, and officers, as having been involved. Counsel has yet to see the photo arrays, if any, that were used. Counsel believes no line-ups were

conducted. Counsel [illegible] stopped by the officers [illegible] identification procedure [illegible] evidence of this identification. Because the defense has not received complete information about the circumstances of the identifications at this time, Mr. Gorham requests that, at an evidentiary hearing, [illegible] circumstances of the identifications [illegible] suggestivity of the procedures and the unreliability of the resulting identifications. [illegible] may seek leave to supplement [illegible] further information about the [illegible] identification procedures.

ARGUMENT

Identification evidence must be excluded at trial when police use a pretrial identification procedure so unnecessarily suggestive that it gives rise to "a substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. Manson v. Brathwaite, 432 U.S. 98, 107 (1977); see Simmons v. United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, [illegible] (1967). [illegible] admissibility of [illegible] Manson, 432 U.S. at 114. [illegible] "corrupting effect of the suggestive identification" [illegible] factors [illegible]:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

Id.

After an out-of-court identification that was unduly suggestive, the prosecution can elicit an in-court identification only after demonstrating that any in-court identification by the witness rests on a source independent of the tainted pretrial identification. See United States v. Wade, 388 U.S. 218, 241 (1967). If an out-of-court identification is unreliable and hence inadmissible, any subsequent in-court identification almost always will be inadmissible

In this case, it appears likely that the police used unnecessarily suggestive

CONCLUSION

For the reasons [illegible] Mr. Gorham [illegible] should not be permitted at trial [illegible]

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
Michelle Peterson
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500