IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|       Plaintiff,   ) | |
| ) | |
| v.   ) | Crim. No. 05-170 (RJL) |
| ) | |
| CLIFTON RAY GORHAM,   ) | |
| ) | |
|       Defendant.   ) | |
| ) | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND
INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Defendant, through undersigned counsel, moves to suppress as evidence against him at trial the weapon allegedly seized on April 19, 2005.  Mr. Gorham asks that the Court hold an evidentiary hearing on his motion.  The grounds for this motion are set forth below.

Mr. Gorham was indicted and charged with several counts, including felon in possession of a firearm and/or ammunition, assault with a dangerous weapon, and possession of a firearm during the commission of a crime of violence or dangerous offense.  The underlying offenses are said to have occurred on April 19, 2005.  The government alleges that Mr. Gorham shot a weapon, allegedly at an unknown person, then fled on bike with the weapon, and ultimately tossed the weapon into a truck.

**ARGUMENT**

**The Evidence Seized on or about April 19, 2005 Should Be Suppressed as the Arrest
was not Based upon Probable Cause.**

The arrest of Mr. Gorham on April 19, 2005, was not based upon probable cause. Officers did not have a warrant when they stopped and arrested Mr. Gorham. Thus, because Mr.

Gorham's seizure was effectuated without a warrant, the government bears the burden of proving that the stop and seizure were legal.  See Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).  See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958).  The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officers at the time they seized Mr. Gorham justified that seizure.  United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).

In this case, the initial warrantless stop of Mr. Gorham was unlawful.  In addition, there was no probable cause to support Mr. Gorham's seizure.  Thus, all of the evidence flowing from the illegal stop and seizure must be suppressed.  Wong Sun v. United States, 371 U.S. 471 (1963).  Counsel is relying upon the government's representation that there were no statements made by Mr. Gorham.

## CONCLUSION

For the reasons described above, this Court should suppress the weapon allegedly seized on April 19, 2005.

                                  Respectfully submitted,

                                  A.J. KRAMER
                                FEDERAL PUBLIC DEFENDER


                                /s/
                                Michelle Peterson
                                Assistant Federal Public Defender
                                625 Indiana Avenue, N.W., Ste 550
                                Washington, D.C.  20004
                                (202)  208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     **Plaintiff**, | ) |
|     v. | )   Crim. No. 05-170 (RJL) |
| CLIFTON RAY GORHAM, | ) |
|     **Defendant**. | ) |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Defendant, through undersigned counsel, moves to suppress evidence against him illegally seized by police on April 19, 2005 in United States v. Clifton Ray Gorham. Counsel is ready to argue to the government's ground for this action and statements made by Mr. Gorham. Mr. Gorham was indicted and charged with several counts, including felon in possession of a firearm and/or ammunition, carrying a dangerous weapon, and possession of a firearm during the commission of a crime of violence. The alleged offenses are said to have occurred on April 19, 2005. The government alleges that Mr. Gorham shot a weapon, allegedly at an unknown person, struggled on bike with the weapon, and ultimately tossed the weapon into a truck.

**ARGUMENT**

**The Evidence Seized on or about April 19, 2005 Should Be Suppressed as the Arrest was not Based upon Probable Cause**

The arrest of Mr. Gorham on April 19, 2005 was not based upon probable cause. Officers did not have a warrant when they stopped and arrested Mr. Gorham. Thus, because Mr. Gorham's seizure was effectuated without a warrant, the government has the burden of proving that the stop and seizure were legal. See Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officers at the time they seized Mr. Gorham justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).

In this case, there was no probable cause for Mr. Gorham's arrest. Thus, suppression of the evidence flowing from the illegal stop and seizure is required. Wong Sun v. United States, 371 U.S. 471 (1963). Consequently, this Court should hold a hearing on the government's grounds for this action and statements made by Mr. Gorham.

**CONCLUSION**

For the reasons described above, this Court should suppress the weapon allegedly seized on April 19, 2005.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____
Michelle Peterson
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500