IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

DEFENDANT'S MOTION TO ENLARGE TIME FOR FILING PLEADINGS

Defendant, Clifton Ray Gorham, through undersigned counsel, respectfully requests that this Court enlarge the time to file motions and to respond to the government's motion to admit Defendant's prior conviction under Federal Rule of Evidence 609 until November 16, 2005. As grounds therefore, Defendant states as follows.

1. On May 25, 2005, Defendant was arraigned on an indictment charging him with one count each of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U. S. Code §922(g)(1), assault with a dangerous weapon, in violation of D.C. Code § 22-402, and possession of a firearm during a crime of violence, in violation of D.C. Code § 22-4504(b).

2. Defendant was initially represented by Michelle Peterson, Esq., of the Federal Defender Service.  The attorney - client relationship between Defendant and Ms. Peterson broke down and on August 10, 2005, the Court granted Ms. Peterson's motion to withdraw as counsel and ordered new counsel be appointed. On August 16, 2005, undersigned counsel entered his appearance.

1

3. On September 14, 2005, counsel wrote Mr. Carlos Acosta, the Assistant United States Attorney assigned to the case, to request additional discovery in the case. A copy of that letter is attached to this Motion. Included in that letter was a request to be informed of any identification procedures in the case.

4. In informal discussions, Mr. Acosta agreed to provide the requested discovery as it became available. At the same time, the parties were anticipating discussions <u>involving matters other than this case</u>, which would influence a disposition in the case.

5. The Court held a status hearing on September 21, 2005. At that time, counsel represented that if he were provided discovery concerning the identification procedures, he would be able to determine if a motion to suppress identification(s) was appropriate. The Court gave counsel until October 3, 2005 to file such a motion. Because counsel for Defendant was planning to be out of town from October 9 until November 9, 2005, a further status date of November 17, 2005 was set.

6. The discussions relating to the other matters did <u>not</u> prove fruitful and any disposition in this case is premature until complete discovery can be provided.

7. On September 29, 2005, counsel and Mr. Acosta discussed the case. Mr. Acosta explained that his initial investigation indicated that, as far as identification of Defendant on the scene where he was arrested was concerned, the only identifications involved witnesses pointing out Defendant as he was in custody. Mr. Acosta was not clear as to the specific circumstances of such identifications. When asked about any identifications of Defendant as the person who allegedly fired the shots some four

blocks away, Mr. Acosta was unclear as to whether any such identifications had occurred.

8. Mr. Acosta never followed up the conversation of September 29, 2005 with any further specific information. Mr. Acosta has not provided counsel with any other of the discovery requested in the September 14, 2005 letter. Defendant does <u>not accuse the government of bad faith in this regard</u>; however, the fact remains that without the requested discovery, to include some <u>specific</u> information about any identifications, counsel is unable to prepare motions.

9. Defendant therefore requests to have until November 16, 2005 in which to file motions. Should the government provide counsel with the requested discovery while counsel is out of town, counsel can, upon his return, consult with Defendant and determine what motions need to be filed prior to the date scheduled for the next status hearing. Should the government <u>not</u> provide the requested discovery, counsel can file a motion to compel discovery.

10. On October 3, 2005, the United States filed a motion seeking to use a 1998 conviction in the Superior Court of the District of Columbia (F-6226-96) for purposes of impeachment. Although the conviction would appear to fall within the limits of Rule 609, the Circuit in *United States v. Lipscomb*, 702 F.2d 1049 (D.C. Cir. 1983) (*en banc*), held that a trial court has the discretion to consider the background information concerning the conviction in balancing prejudice against probative value. Counsel does <u>not</u> now have the jacket in the Superior Court case. Counsel has arranged for the

jacket to be ordered and copied by his investigator while he is out of town, and will be able to file any opposition, if one is appropriate, also by November 16, 2005.

WHEREFORE for the above reasons Defendant respectfully requests that this Court enlarge the time to file motions and to respond to the government's motion to admit Defendant's prior conviction under Federal Rule of Evidence 609 until November 16, 2005.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
307 "G" Street, N.W.
Washington, D.C.  20001
(202) 898-0857

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO ENLARGE TIME FOR FILING PLEADINGS

1. Federal Rule of Criminal Procedure 47 entrusts to the courts the scheduling of motions. Given the circumstances of the case, including the failure of the United States to provide additional discovery and the extended absence of defense counsel, Defendant suggests a enlargement in the time to file motions is reasonable.

2. Defendant agrees with the United States that the controlling case on the use of a defendant's prior convictions for impeachment is *United States v. Lipscomb*, 702 F.2d 1049 (D.C. Cir. 1983) (*en banc*). In that case the Court of Appeals recognized that "all felony convictions are probative of credibility to some degree," *Id.* at 1062; however, with respect to the prejudice prong, the Court recognized that the critical question is "how much" prejudice as all impeachments by prior conviction involve some prejudice to the accused, *Id.*, The Court specifically recognized that it is within the discretion of the trial court to seek additional information about a prior conviction before deciding the question of prejudice., *Id.* at 1064. Manifestly, before a defendant can ask the court to consider the additional information, the defendant must know

what that information is. In this case, Defendant needs to obtain the records from another, albeit local, court.

                              Respectfully submitted

                                  /s/

Richard K. Gilbert
Bar. No. 939884
307 "G" Street, N.W.
Washington, D.C. 20001
(202) 898-0857

Attorney for Defendant