**RICHARD K. GILBERT**
ATTORNEY AT LAW
601 PENNSYLVANIA AVENUE, N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C., 20004
----------
TELEPHONE (202) 898-0857

Mr. Carlos F. Acosta, Esq.                              September 14, 2005
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

**via facsimile at 353-9414**   *fax sent 9/14/05 3:13pm*

RE: Discovery / Plea Discussions: *United States v. Clifton Ray Gorham*, No. 05-170 (RJL)

Dear Mr. Acosta,

     Having now met with Mr. Gorham on two occasions and having had a chance to get into the case, I thought I would take a minute to write you about discovery matters and plea discussions.

I. Discovery Received

     I received from Ms. Peterson, the prior attorney, her file which contained your letter of May 25, 2005. Her file also contained the documents listed in paragraph 1 of that letter with the following possible exceptions:

     1. I did not get the cassette of the radio run.
     2. I got <u>three</u> certified convictions: F-6386-82 (Burglary II); F-2682-94 (Prison Breach); and F-6226-96 (felony drug offenses).
     3. I got some NCIC printouts, but there were other printouts as well which may have come from Ms. Peterson. If you think that the NCIC printouts are relevant as to issues of notice, you should send them to me again, so we can have a record of exactly what you sent. (Such a requirement may be moot in light of the Criminal History pre-sentence investigation.)
     4. You mention a Pretrial Services Agency Summary. Is this something different than what Ms. Peterson would have received at presentment?
     5. Your letter indicates that a diagram accompanied the PD 668. I have a one page diagram and a second page with numbers written on it indicates some measurements for some of the items. The 668 says that <u>two</u> diagrams were completed; it would appear that one is missing.

II. Tangible Evidence

     1. I <u>would</u> like to examine the tangible evidence listed in paragraph 2 of your letter.

     2. It is not clear what diagrams of the scene you are referring to - diagrams done by the crime scene search officers or some "polished" trial exhibits. I definitely want to see any diagrams made at the scene, even if you plan a more polished exhibit for trial purposes. I would like to see any such trial exhibits and aerial photographs before trial, but recognize that you may not have them ready yet.

     3. I assume that no items of evidence were seized from Mr. Gorham at the time of his arrest.

III. Photographs

     1. I would like copies of all the photographs in the case, to include the photographs of the scene, evidence and Defendant which you allude to in paragraph 2 of your letter.

     2. If there were any photographic identification procedures conducted, I would like to see the photospreads. If a lineup was conducted, I would like to see the lineup videotape.

IV. Statements

     You do not identify any statements made by Mr. Gorham. I assume that includes "spontaneous" admissions at the scene. If you contend there are such admissions, please identify them.

V. Identification Procedures

     Your letter does not identify any identification procedures which were conducted concerning Mr. Gorham. I would ask that you inform me if any identifications were conducted and the circumstances surrounding them, to include copies of any photospreads or lineup tapes. I do <u>not</u> expect you to identify the witnesses asked to make the identifications at this time, but I would ask that you identify them by some arbitrary designation so that we can determine at trial which witness participated in which procedure.

VI. Expert Testimony

     1. The only expert testimony / testing you identified in your letter were firearms test firing and possible fingerprint analysis. I am pretty confident that the firearms examiner will also attempt to compare the fired casings with the recovered weapon, so I assume that will be part of any firearms report. I would like to see all reports of firearms and fingerprint testing, even if negative. See, Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure (providing for disclosure of expert <u>reports</u>).

2. For each expert whom you might call as a witness, I would ask that you provide their CV and their bench notes in order to comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure which provides:

> **(G) Expert witnesses.** At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. ... The summary provided under this subparagraph must describe the witness's opinions, <u>the bases and reasons for those opinions, and the witness's qualifications.</u> (emphasis added)

VII. *Brady* Requests

I have no specific requests for exculpatory material not encompassed in the above requests at this time. As I refine my factual understanding of the case and proceed with our investigation, I may make such requests in the future. This lack of a specific request does not, of course, relieve you of your obligation to turn over exculpatory material that you may discover as you complete your investigation and preparation.

VIII. Reciprocal and Continuing Requests

1. I acknowledge your request for reciprocal discovery. I have no such discovery at this time.
2. We both agree that our discovery obligations are continuing in nature.

IX. Defense Motions

1. If, but only if, there are no statements of Mr. Gorham, to include "spontaneous" statements at the scene and no tangible evidence was recovered from his person, then I will <u>withdraw</u> the motion to suppress evidence filed by Ms. Peterson.
2. I believe that it makes more sense to know what, if any, identification procedures were conducted and to know the circumstances of such procedures before filing a motion to suppress identifications. Thus I will seek to <u>reserve</u> filing such a motion until we can complete that portion of the discovery.
3. <u>Bill of Particulars</u>: This case presents an unusual charge of assaulting "persons whose identity is unknown to the grand jury." Normally in assault cases, a defendant is placed on sufficient notice of the particulars of the charge against him simply by identifying the victim, which in turn allows the defense to know what time, place, and circumstances the assault is alleged to have occurred. Here we are missing that critical aspect. The police reports and the transcript of the preliminary hearing contain a fair amount of information about the "pursuit" of Mr. Gorham and the recovery of the weapon. They are almost devoid of any information about an alleged assault. Thus, I am writing you to request that you specify in writing what, when and where exactly

you think Mr. Gorham committed an assault. It is my understanding that such a communication obviates the need for a bill of particulars. If you refuse to provide such information, I will seek leave to file a motion for such a bill of particulars.

X. Plea Discussions

I assume that the course of plea discussions has been interrupted in light of the letter which Mr. Gorham sent to your office (before I was appointed his counsel apparently). I have discussed the debriefing letter with him, but have advised him to hold off on any decision about meeting with you until we can sort a few things out. First, I want to debrief Mr. Gorham first; I would like some idea what he proposes to say to you and, more importantly, whether any information about the other cases is likely to incriminate himself.

Secondly, I would like from you some idea where successful discussions might be headed, _assuming_ that Mr. Gorham has information you want. Assuming the criminal history presentence investigation is correct, and I am not conceding as much, it would appear that Mr. Gorham may indeed be facing Armed Career Criminal sentencing, which carries a minimum of 15 years. Since my research indicates that a government information is _not_ required in order to impose a sentence under the ACCA, I am not certain that the government can prevent the minimum 15 year sentence as long as Mr. Gorham pleads to the 922(g) offense charged in the indictment. Your letter of June 16, 2005 indicated that this was the charge you wanted a plea on. Is the government wedded to that position? If not, what room do you see for compromise? I am open to discussing this with you.

Thank you for your consideration.

Sincerely,

Richard K. Gilbert

c.c.   Mr. Gorham