IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

DEFENDANT'S MOTION TO ADOPT AND AMEND
SUPPRESSION MOTIONS FILED BY PRIOR COUNSEL

Defendant, Clifton Gorham, through undersigned counsel, respectfully requests that this Court permit him to adopt and amend Defendant's Motion To Suppress Physical Evidence and Motion To Suppress Identification Evidence filed by prior counsel. As grounds therefore, Defendant states as follows.

1. On May 25, 2005, Defendant was arraigned on an indictment charging him with one count each of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U. S. Code §922(g)(1) - (Count One), assault with a dangerous weapon, in violation of D.C. Code § 22-402 - (Count Two), and possession of a firearm during a crime of violence, in violation of D.C. Code § 22-4504(b) - (Count Three).

2. Defendant was initially represented by Ms. Michelle Peterson, Esq, of the Office of the Federal Public Defender. On June 20, 2005, Ms. Peterson filed a Motion To Suppress Physical Evidence and a Motion To Suppress Identification Evidence on behalf of Defendant.[1]

---

[1] The docket sheet indicates that both motions contained illegible or "corrupted images" and that counsel was directed to refile these motions. The docket sheet does not indicate that the motions were refiled. However, both the Court and the prosecutor appear to have the motions. In any event, undersigned counsel has appended readable copies of the motions to this Motion.

3. Ms. Peterson later moved to withdraw as counsel, which was granted. Undersigned counsel entered his appearance on August 16, 2005. Undersigned counsel asked to have time to investigate the case and complete discovery in order to determine whether to adopt or withdraw such motions. The Court has given counsel until November 16, 2005 to file motions.

4. The Motion To Suppress Physical Evidence alleged that the warrantless arrest of Defendant was unlawful and without probable cause. Defendant <u>continues to assert this claim</u>,[2] and would thus move to <u>adopt</u> the prior Motion with one amendment. The motion sought to suppress the <u>pistol</u> recovered at the scene. The discovery provided to counsel indicates that the pistol was recovered in the back of a truck not connected to Defendant. Therefore, Defendant has no standing to seek the suppression of the pistol. However, Defendant asserts that the <u>clothing</u> he was wearing was seized as evidence. If so, such evidence would be the direct fruits of the unlawful seizure. Therefore, Defendant seeks to <u>amend</u> the Motion To Suppress Physical Evidence to refer to the items of clothing taken from him at the time of his arrest, rather than the pistol.

5. The Motion To Suppress Identification Evidence is admittedly a general one. Counsel has asked the Assistant United States Attorney assigned to the case to provide <u>specific</u> details of any identification procedures conducted which resulted in an identification of Defendant, to include copies of any photographs which may have

---

[2] Defendant would note in particular the discrepancies in the descriptions of clothing allegedly worn by the suspected shooter.

been used; (the police reports and other discovery provided to counsel to date do <u>not</u> contain those details.) The prosecutor has promised to make specific inquiries of the police officers when he next meets with them. In light of the Court's motions deadline, and until more details emerge, Defendant simply seeks to <u>adopt</u> the pending motion to suppress identification evidence.

    Wherefore for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendant respectfully requests that this Court permit him to adopt and amend Defendant's Motion To Suppress Physical Evidence and Motion To Suppress Identification Evidence which were filed by prior counsel.

    Respectfully submitted

    /s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004
(202) 898-0857

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO ADOPT AND AMEND
<u>SUPPRESSION MOTIONS FILED BY PRIOR COUNSEL</u>

1. Federal Rule of Criminal Procedure 47 entrusts to the courts the scheduling of motions. Such authority would naturally imply the discretion to determine whether successor counsel may adopt the motions by prior counsel. Given the circumstances of the case, Defendant suggests that permitting such adoption would conserve both judicial resources as well as avoid duplicative work. *See, e.g. United States v. Cunningham*, 145 F.3d 1385, 1393 (D.C. Cir. 1993) where the Court's (Judge Kessler) "Standing Order Governing Procedures in Criminal Trial" provided that "any objection, motion or other application for relief made by any defense counsel orally or in writing shall be deemed to be adopted and joined in by every other defendant, respectively, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each defendant unless otherwise stated at the time the ruling is made."

2. As far as the authorities in support of the individual motions Defendant seeks to adopt, Defendant would adopt the authorities set forth in the motions themselves.

        Respectfully submitted

            /s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant