IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

### DEFENDANT'S MOTION TO SEVER COUNTS

Defendant, Clifton Gorham, through undersigned counsel, respectfully requests that this Court sever Count One of his indictment, charging him with being a felon in possession of a firearm, from the remaining two counts. As grounds therefore, Defendant states as follows.

1. On May 25, 2005, Defendant was arraigned on an indictment charging him with one count each of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U. S. Code §922(g)(1) - (Count One), assault with a dangerous weapon, in violation of D.C. Code § 22-402 - (Count Two), and possession of a firearm during a crime of violence, in violation of D.C. Code § 22-4504(b) - (Count Three).

2. The charges arise out of events occurring in the vicinity of the intersection of North Capitol Street and New York Avenue on April 19, 2005.

3. The felon in possession of a firearm charge stems from Defendant having been convicted of a felony conviction in Case No. F-6226-96 in the Superior Court of the District of Columbia.

4. Defendant submits, for the reasons set forth in the attached Memorandum of Points and Authorities, that he will be unfairly prejudiced in the jury's consideration

of his guilt on Counts Two and Three should the jury learn of his felony conviction which is the predicate offense for Count One.

Wherefore for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendant respectfully requests that this Court sever Count One of his indictment, charging him with being a felon in possession of a firearm, from the remaining two counts.

>Respectfully submitted
>
>/s/
>
>Richard K. Gilbert
>Bar. No. 939884
>601 Pennsylvania Avenue, N.W.
>Suite 900, South Building
>Washington, D.C.  20004
>(202) 898-0857
>
>Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO SEVER COUNTS

1. The Court of Appeals for this Circuit has repeatedly recognized the dangers of prejudice to a defendant charged with being a felon in possession of a firearm who is simultaneously indicted on other charges:

> We have long recognized that where a felon-in-possession charge is joined with other counts, the defendant may be unduly prejudiced with respect to the other counts by the introduction of prior crimes evidence that would otherwise be inadmissible under the Federal Rules of Evidence. *See United States v. Daniels*, 770 F.2d 1111, 1116 (D.C.Cir.1985) ("[t]here is ... a high risk of undue prejudice whenever ... joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible"); *see also United States v. Jones*, 67 F.3d 320, 322, 324 (D.C.Cir.1995); *Fennell*, 53 F.3d at 1301 (D.C.Cir.1995); *United States v. Dockery*, 955 F.2d 50, 53 (D.C.Cir.1992). As we explained in *Jones*, other crimes evidence is always prejudicial to a defendant because "[i]t diverts the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." 67 F.3d at 322 (citation omitted). The risk of prejudice is exacerbated when the predicate felony is similar to the charges for which the defendant is currently being tried. *See id.* at 324. In contrast, a failure to identify the predicate felony does not prejudice the Government because section 922(g)(1) does not require it to establish the nature of a defendant's prior felony in order to meet its burden of proof. *Id.* Accordingly, we have repeatedly admonished prosecutors and the district court that they have a duty to seek ways of ameliorating any undue prejudice arising out of the introduction of such evidence. *See,*

3

> *e.g., Daniels,* 770 F.2d at 1118 ("it ... will behoove prosecutors and trial judges to proceed with caution when" faced with a joined trial including a felon-in- possession count); *Dockery*, 955 F.2d at 53 ("the utmost care is necessary in conducting a joined trial that includes an ex-felon count"); *Jones,* 67 F.3d at 324 (both prosecution and the court have duty to "avoid unfair prejudice").

*United States v.* Myles, 96 F.3d 491, 495 (D.C. Cir. 1996).

2. While Defendant does not suggest that Count One is improperly joined under Rule 8 of the Federal Rules of Criminal Procedure, proper joinder does not preclude a motion for severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. *See, United States v. Dockery*, 955 F.2d 50, 53 (D.C. Cir. 1992). A trial court's decision on a motion for severance is entrusted to the court's discretion, but that discretion is obviously constrained by the law of this Circuit, *Id* at 54. The appropriate test is whether the trial court has "demonstrated a sufficiently scrupulous regard for the defendant's right to a fair trial," *United States v. Bowie*, 142 F.3d 1301, 1306 (D.C. Cir. 1998) (quoting from *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C. Cir. 1985)).

3. Manifestly, one way in which to minimize the prejudice inherent in the jury learning that Defendant has been previously convicted of a felony from spilling over to a trial on other counts, would be to sever the felon in possession count. *See, United States. v. Dockery, supra. Accord, United States v. Mangum*, 100 F.3d 164 (D.C. Cir. 1996) (trial court severs felon in possession <u>count</u> from other counts, no error to refuse to sever individual <u>elements</u> of felon in possession count.)

4. Defendant concedes that this Circuit has rejected a *per se* rule that <u>requires</u> severance of the felon in possession count, *United States v. Clark*, 184 F.3d 858, 866

(D.C. Cir. 1999). However, it is premature to speculate as to precisely what measures the government will suggest would suffice in the alternative and to opine on their effectiveness. Defendant loses, however, much of his basis to complain of prejudice should he fail to request relief in advance of trial. *See, United States v. Moore,* 104 F.3d 377 (D.C. Cir. 1997) (defendant failed to request severance, no plain error); *United States v. Fennell*, 53 F.3d 1296 (D.C. Cir. 1995) (defendant did not request severance and did not object to references of pending indictment at trial, no plain error); *United States v. Myles, supra* (counsel failed to object to reference to nature of felony).

5. While Defendant's prior conviction is not for the same type of offenses alleged in the indictment, *compare, United States v. Myles, supra*; *United States v. Jones*, 67 F.3d 320 (D.C. Cir. 1995), it is also true that it is completely unrelated to the charged offenses and, hence, would not be independently admissible at a trial of the other offenses, *compare, United States v. Clark, supra* (evidence of §922(g)(1) violation admissible as motive for attempted bribery, which was in turn admissible to show defendant's knowledge of gun.)

        Respectfully submitted

        /s/

        Richard K. Gilbert
        Bar. No. 939884
        601 Pennsylvania Avenue, N.W.
        Suite 900, South Building
        Washington, D.C. 20004
        (202) 898-0857

        Attorney for Defendant