IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

DEFENDANT'S MOTION FOR DEFENSE-REQUESTED LINE-UP

Defendant, Clifton Gorham, through undersigned counsel, respectfully requests that this Court order a line-up to be conducted prior to the trial for any government witnesses that have not previously identified Defendant in other identification procedures but whom the government intends to request that they attempt a courtroom identification of Defendant.

1. On May 25, 2005, Defendant was arraigned on an indictment charging him with one count each of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U. S. Code §922(g)(1), assault with a dangerous weapon, in violation of D.C. Code § 22-402, and possession of a firearm during a crime of violence, in violation of D.C. Code § 22-4504(b). The charges arise out of events occurring in the vicinity of the intersection of North Capitol Street and New York Avenue on April 19, 2005.

2. Defendant has requested information concerning the results of any identification procedures conducted with government witnesses to try and identify Defendant as the perpetrator of the charged offenses. Defendant has also sought to suppress any identifications made as a result of suggestive identification procedures. As of this date the government has not yet been able to provide the defense with the

specific details of any identification procedures. This motion concerns only those government witnesses who have not yet identified Defendant through any pretrial identification procedure, but whom the government expects to have attempt an in-court identification of Defendant.

4. Defendant submits that the courtroom setting, where Defendant would be seated alone with his counsel at defense table, is a highly suggestive environment in which to ask a witness to make an identification. There is a much greater likelihood that a witness will make an accurate decision about an identification if it is attempted in the context of a non-suggestive line-up.

Wherefore for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendant respectfully requests that this Court order a line-up to be conducted prior to the trial for any government witnesses that have not previously identified Defendant in other identification procedures but whom the government intends to request to attempt a courtroom identification of Defendant.

                Respectfully submitted

                /s/

                Richard K. Gilbert
                Bar. No. 939884
                601 Pennsylvania Avenue, N.W.
                Suite 900, South Building
                Washington, D.C.  20004
                (202) 898-0857

                Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR DEFENSE-REQUESTED LINE-UP

1. The Court of Appeals for this Circuit has repeatedly recognized the dangers of prejudice to a defendant when a witness first purports to identify the Defendant as the perpetrator in the highly suggestive atmosphere of the courtroom and has suggested that granting a request by the defense for a formal line-up prior to trial may best alleviate this prejudice.[1] *See, United States v. Caldwell,* 465 F.2d 669 (D.C. Cir. 1972). *See also, United States v.* Smith, 473 F.2d 1148 (D.C. Cir. 1972) (noting that where witness may have opportunity to first view defendant in court during preliminary hearing, counsel should request line-up be conducted first.)

2. The failure to grant such a defense request may be reversible error, United *States v. Caldwell,* 481 F.2d 487 (D.C. Cir. 1973) (agreeing with lower court after remand that there was no way to remedy failure to have held line-up prior to trial.)

3. As to the procedures to be followed at any such line-up, Defendant requests that a minimum the line-up comport with the standards set forth in Eyewitness

---

[1] If a witness has already identified Defendant through some other identification procedure then, there is little relevant information which would be gleaned from putting Defendant in a second procedure for the same witness.

3

<u>Identification: A Guide for Law Enforcement</u>, U.S. Department of Justice, Office of Justice Programs (Oct. 1999) (Accepted research has identified additional ways in which the accuracy of a line-up may be increased, *see* Gary L. Wells, Mark Small, Steven Penrod, Roy S. Malpass, Solomon M. Fulero, and C.A.E. Brimacombe, *Eyewitness Identification Procedures: Recommendations for Lineups and Photospreads*, <u>Law and Human Behavior</u>, Vol 22, No. 6, 1998.)

                                         Respectfully submitted

                                                 /s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004
(202) 898-0857

Attorney for Defendant