UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Cr. No. 05-05-170 (RJL) |
| : | |
| CLIFTON GORHAM, : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SEVER COUNTS**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes Defendant's motion to sever counts in the above-captioned matter. In support of its opposition, the Government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

1. The Defendant has been charged in a three count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, in violation of 18 U.S.C. § 922 (g)(1), Assault With a Dangerous Weapon, in violation of Title 22, District of Columbia Code, §402, and Possession of a Firearm During the Commission of a Crime of Violence or Dangerous Offense, in violation of Title 22, District of Columbia Code, §4504(b).

2. The charges arise from the firing of a handgun at unknown persons in an alley in the Sursum Corda neighborhood on April 19, 2005, at approximately 6:40 p.m., in the vicinity of North Capitol St. and M St. N.W., Washington D.C. After a pursuit of the Defendant, who attempted to flee both via bicycle and on foot, he was apprehended. Subsequent to his capture, the police recovered a 9 mm handgun and expended 9 mm shell casings.

2. The Defendant's motion to sever focuses on Count I. The Defendant acknowledges that to convict him under 18 U.S.C. § 922 (g), the Government must prove that 1) he knowingly possessed a firearm or ammunition, 2) the firearm or ammunition had affected interstate commerce, and 3) at the time of possession, the Defendant had been convicted of an offense punishable by a term of imprisonment exceeding one year. Defendant's Motion at 1. See also Instruction 4.79, Criminal Jury Instructions for the District of Columbia (4th ed. 1993) ("Red Book"). The Defendant's motion focuses on the third element, or "prior conviction element." Asserting that evidence of his prior felony conviction would unduly prejudice the jury considering Counts 2 and 3, he requests that the Court sever Count 1. Defendant's Motion at 2.

3. The Defendant's motion should be denied. While the Government recognizes the importance of protecting the Defendant from the potential prejudice to which he alludes, the Defendant's suggested remedies go far beyond what is required, would needlessly burden the jury's consideration of the evidence, and would require an unnecessary expenditure of judicial resources. None of the controlling cases in this Circuit mandate the severance proposed by the Defendant. And indeed, controlling case law rejects Defendant's severance approach.

Instead of following the Defendant's proposals, the Court should follow simpler and fairer measures which the Court of Appeals have consistently upheld in 922(g) gun cases: 1) allow the Defendant to stipulate, or the Government to prove, that Defendant has been convicted of a crime that is punishable by imprisonment for a term exceeding one year – without mentioning the name or nature of that offense; 2) limit the number of references that can be made even to this sanitized fact, as necessary to deal with the prior conviction element; and 3) instruct the jury that it may only use evidence of the Defendant's conviction in considering the prior

conviction element as to Count 1.

4.  To be sure, the Court of Appeals has cautioned that "[w]hen trying an ex-felon [gun] count together with other counts, the trial judge must 'proceed with caution' to avoid undue prejudice." United States v. Dockery, 955 F.2d 50, 53 (D.C. Cir. 1992), quoting United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1985).  In Dockery, the Court of Appeals reversed the trial court's denial of defendant's motion to sever the 922(g) count from the other counts in the indictment.  Dockery, 955 F.2d at 57. Nothing in Dockery, however, requires this remedy.

Importantly, what the court in Dockery found troubling was not simply the joinder of a 922(g) count with other counts, but rather how the prior conviction element had been presented to the jury at trial.  In Dockery, the Government had refused Defendant's proposed stipulation about the prior conviction element, had offered no stipulation of its own, and had instead proceeded to prove the prior conviction element with live testimony.  Dockery, 955 F.2d at 51-55.  While the trial court had ordered the indictment redacted of any reference to the exact crime, the Court of Appeals was troubled by the way in which the count was handled at trial, noting that the prosecutor and trial court mentioned the conviction on six separate occasions, and that the prosecutor introduced both the prior conviction and irrelevant testimony that the defendant was on probation at the time he was arrested.  Id. at 51, 56.  The court also observed that the trial court had not provided any cautionary instructions to the jury about the proper use of the conviction.  Id. at 55.  None of these concerns need be triggered in this case, particularly if the Court were to follow the Government's suggestions described above.

The Defendant relies on the Dockery court's severance suggestion, which came in a

-3-

footnote discussing the various options the trial court might have taken besides simply severing the count.[1]  Yet while offering a laundry list of ideas, including severance or bifurcation, the Dockery court did not mandate any particular approach, noting that "[t]hese, and surely other means to protect the defendant while meeting the [Government's] concerns, would be within the trial judge's discretion." Id. at 55  n.4.  The court was careful to recognize that joined trials could conserve judicial resources, and stated that it was not limiting the means by which a trial judge could endeavor to both conserve resources and protect the defendant. Id. at 56.

In short, nothing in Dockery can be taken as requiring severance.   Indeed, the decision specifically noted that there was no per se rule requiring the severance of 922(g) counts, noting that none had been established in Daniels.  Id. at 53.  The Dockery court contrasted the situation before it which required reversal, and that before Daniels, which did not, noting that "comparable safeguards were *not* followed in this case." Dockery, 955 F.2d at 54 (emphasis supplied).  And significantly, the safeguards approved in Daniels did not involve severance, but rather safeguards similar to those proposed by the Government for this case  – a stipulation by the parties that the Defendant had been convicted of an unspecified felony[2] – and a repeated jury instruction describing the limited evidentiary use of the stipulation.  See Daniels, 770 F.2d at 1114, 1119 (noting the safeguards employed by the trial judge, and affirming the trial court's refusal to sever

---

[1] The Court noted that the trial court could have bifurcated the prior possession element, and in a footnote further observed that the trial court could have forced the Government to choose a bench trial or severance on the 922(g) count, or "instructed the jury solely on possession, withholding any evidence of the ex-felon count until a verdict was reached." Id. at 55, 55 n.4.

[2] The indictment in this case does not describe the nature of defendant's predicate felony conviction.

the 922(g) count); United States v. Bowie, 142 F.3d 1301, 1303-07 (D.C. Cir. 1998) (upholding trial court's refusal to sever 922(g) count from narcotics counts where trial court had demonstrated sufficient regard for insuring a fair trial, requiring the prosecutor use a stipulation that mentioned only that defendant had been convicted of an offense punishable by a term of imprisonment exceeding one year, gave a cautionary jury instruction, and limited the references to this element at trial). The Defendant does not offer any reasons as to why he needs more protection than that approved in Daniels and Bowie.

   5.   Furthermore, recent decisions have rejected Defendant's severance proposal, notwithstanding the suggestion in Dockery. Here, the Defendant proposes that the prior conviction element be withheld from the jury. Such a proposal, as the Court of Appeals has recently noted, violates the jury's right to be informed of the full nature of each count.[3]

   The Court of Appeals decision in United States v. Clark, 184 F.3d 858 (D.C. Cir. 1999) is instructive in this regard. In that case, the defendant was charged with a 922(g) violation and bribing police officers. The trial court denied defendant's requests to sever the 922(g) count, to bifurcate the prior possession element, and to stipulate that he was a "prohibited person." Id. at 65-68. Among other things, the court considered the defendant's proposed bifurcation and stipulation. Id. at 866-67. In doing so, the Clark court discussed Old Chief v. United States, 519 U.S. 172 (1997), in which the Supreme Court held that the trial court abused its discretion in a § 922(g) case when it rejected the defendant's offer to concede the fact of a prior felony conviction, and allowed the name and nature of that crime before the jury. The Clark court observed that the

---

[3] Other Circuits have rejected similar bifurcation arguments. See United States v. Koskela, 86 F.3d 122, 125-26 (8th Cir. 1996).

defendant's proposals "go beyond anything required by Old Chief.  Indeed, in this case the trial court did exactly what Old Chief commanded: it accepted the defendant's stipulation and kept from the jury the name and nature of his prior offense.  Old Chief did not, and does not, require more."  Clark, 184 F.3d at 866.

More importantly, the Clark court stated that "defendant's alternatives might well have deprived the prosecution of its rightful opportunity, recognized in Old Chief, to 'convince the jurors that a guilty verdict would be morally reasonable.'"  Clark, 184 F.3d at 867, citing Old Chief, 519 U.S. at 188.  The court added:

> As we noted in United States v. Magnum, when a jury is not "told all the elements of the crime, it may, justifiably , question whether what the accused did was a crime . . . .  Possession of a firearm by most people is not a crime . . . .  Doubt as to the criminality of (the defendant's) conduct may influence the jury when it considers the possession element.'  100 F.3d 164, 171 n.11 (D.C. Cir. 1996) (quoting United States v. Collamore, 868 F.2d 24, 28 (1st Cir. 1989).

Clark, 184 F.3d at 867.  Noting that for this reason it had rejected Magnum's contention that the trial court should have bifurcated the various elements of the 922(g) offense, the Clark court indicated that it was rejecting the same proposal again for the same reason.  Id. at 867.  See also Bowie, 142 F.3d at 1306 ("the district court could not simply withhold the disputed element of the felon-in-possession counts from the jury, for '(t)he jury must always be informed of the full nature, including each element, of the charged crime'") (quoting United States v. Fennell, 53 F.3d 1296, 1302 (D.C. Cir. 1995)).

Simply put, Defendant's interpretation turns Old Chief on its head by conflating proof of a prior felony conviction as an element with proof of the nature of that predicate felony.  The

Supreme Court in Old Chief was concerned only with the latter, not the former. For even with the sanitized stipulation approved in Old Chief, the Government would still need to prove to the jury that the element of a prior conviction had been met – which it would do with the stipulation. Here, the Defendant wants to do Old Chief one better, by hiding not only the nature of the prior conviction from the jury, *but the element as well*.

WHEREFORE, the Government respectfully submits that Defendant's motion should be denied, and that the Court should instead follow the Government's proposals that have been approved in Clark and other cases.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

_____

CARLOS F. ACOSTA
Special Assistant United States Attorney
D.C. Bar Number 443373
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4643
Washington, DC 20001
(202) 514-4922; Fax: (202) 353-9414