IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

DEFENDANT'S RESPONSE TO GOVERNMENT OPPOSITION
TO MOTION TO SUPPRESS PHYSICAL EVIDENCE

Defendant, Clifton Gorham, through undersigned counsel, respectfully submits the following response to the Opposition of the United States to his Motion To Suppress Tangible Evidence.

I. PROCEDURAL HISTORY

1. On June 20, 2005, Ms. Michelle Peterson, prior counsel for Defendant, filed a Motion To Suppress Physical Evidence on behalf of Defendant.[1] The basis of that Motion was the claim that the warrantless arrest of Defendant was unlawful and without probable cause.

2. On November 15, 2005, undersigned counsel filed a motion to adopt the motion filed by previous counsel. Defendant continues to assert the lack of probable cause to arrest him, and thus, moved to adopt the prior Motion,[2] with <u>one amendment</u>. The original motion sought to suppress the <u>pistol</u> recovered at the scene.

---

[1] Ms. Peterson later moved to withdraw as counsel, which was granted. Undersigned counsel entered his appearance on August 16, 2005.

[2] The docket sheet indicates that the original motion contained illegible or "corrupted images" and that prior counsel was directed to refile the motion. Undersigned counsel appended readable copy of the original motion with his Motion To Adopt Prior Motions.

For the reasons set forth below, Defendant concedes has no standing to seek the suppression of the pistol. However, Defendant asserts that the <u>clothing</u> he was wearing was seized as evidence, and sought to <u>amend</u> the Motion To Suppress Physical Evidence to refer to the items of clothing taken from him at the time of his arrest, rather than the pistol.

3. On December 15, 2005, the United States filed an Opposition to Defendant's Motion To Suppress Physical Evidence.

II. "STANDING"

4. Given that the discovery provided to counsel indicates that the pistol was recovered in the back of a truck not connected to him, Defendant concedes, based upon the United States Supreme Court precedent of *California v. Hodari D*, 499 U.S. 621 (1991), that he has no "standing" to suppress the pistol, even if he were the person who discarded it (a fact which Defendant does <u>not</u> concede for purposes of this Motion.)

5. Defendant has never claimed standing to suppress the shell casings found in the 1100, block of First Place, N.W., and has never sought their suppression. Defendant agrees that *California v., Hodari D., supra* would also control in the instance of the casings.

6. The Opposition of the United States does <u>not</u> address the amendment to the original Motion To Suppress, to wit, the application of the Motion to the clothing seized from Defendant as evidence. Defendant asserts that he was specifically told

2

when his clothing was taken from him at the police station, that it was being taken as "evidence." Defendant surely has a "legitimate expectation of privacy" in his own personal clothing sufficient to allow him to challenge his warrantless arrest, *Rakas v. Illinois*, 439 U.S. 128 (1978). *See, United States v. Hinckley*, 672 F.2d 115 (D.C. Cir. 1982).

III. THE DEGREE OF THE SEIZURE

7. The Opposition of the United States spends nearly two pages (Government Opposition at 2-3) discussing the standard for an investigative stop under *Terry v. Ohio*, 392 U.S. 1 (1968). However, the United States admits that Defendant was "apprehended," not "stopped" (Government Opposition at 3). Moreover, in its Opposition to Defendant's Motion To Suppress Identifications and Motion For A Defense-Requested Lineup, (filed the same date as the Opposition to the Motion To Suppress Physical Evidence), the United States specifically asserted that "the Defendant, who was apprehended nearby, was being walked back to a police vehicle for transport," (Government Opposition To Identification Motions at 3). Thus, Defendant submits, this was no "*Terry*" stop, and the applicable issue is whether there was probable cause for the warrantless arrest.

IV. THE NEED FOR A HEARING

8. The burden is on the United States to prove that the stop and seizure were legal, *Hayes v. Florida*, 470 U.S. 811 (1985); *Florida v. Royer*, 460 U.S. 491 (1983); *United States v. Allen*, 629 F.2d 51 (D.C. Cir. 1980). Normally this burden is met by adducing

3

sworn testimony sufficient to satisfy this Court of the existence of probable cause., *United States. v. Jenkins*, 530 F.Supp 8, 10 (D.D.C. 1981) (citing *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

9. Defendant would further note the following factual issues which he submits can be resolved only through a hearing:

a. <u>Timing Of Events</u>. Officer Banks did not see the person he was chasing actually throw the pistol into the truck. Therefore, Defendant submits, the <u>subsequent</u> recovery of the pistol would not provide probable cause for the arrest of Defendant. Instead, the United States must rely on whether there was probable cause to believe that Defendant was the person who fired the initial shots.

b. <u>Identity Of The Shooter</u>. The record lacks evidence that the unidentified woman was identifying the man on the bicycle as the actual shooter, much less what basis of knowledge that person would have had to identify him as such.

c. <u>Description Of The Shooter</u>. The notes taken by the police on the scene record the description of the shooter as wearing a ski mask, while Officer Banks testified that he was chasing a bald man.

d. <u>Direction And Duration Of The Pursuit</u>. The government Opposition implies, perhaps by omission, that the bicyclist lost control of the bicycle on "M" Street and fled directly across North Capitol Street where he discarded the pistol. Testimony at the preliminary hearing indicated that the pursuit covered several different streets and that Officer Banks occasionally lost sight of the person he was pursuing.

                                          Respectfully submitted

                                                  /s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant