IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

DEFENDANT'S MOTION TO SET CONDITIONS OF RELEASE

Defendant, Clifton Gorham, through undersigned counsel, respectfully requests that the Court vacate his detention order and set conditions of release by placing him on personal recognizance, with such conditions as the Court deems desirable. As grounds therefore, Defendant states as follows.

1. On May 25, 2005, Defendant was arraigned on an indictment charging him with one count each of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U. S. Code §922(g)(1) - (Count One), assault with a dangerous weapon, in violation of D.C. Code § 22-402 - (Count Two), and possession of a firearm during a crime of violence, in violation of D.C. Code § 22-4504(b) - (Count Three). Defendant has been held without bond since his arrest.

2. The court has scheduled a hearing on Defendant's evidentiary motions for March 1, 2006. There has been some delay in completing discovery because Mr. Carlos Acosta, Esq., the Assistant United States Attorney previously assigned to the case, was an special Assistant United States Attorney, who was on loan from the Prince Georges County State's Attorney Office, and effective the first of the year returned to that

office. Although that office has committed to replacing Mr. Acosta, it has apparently not done so as of this date.

3. Defendant now seeks reconsideration of his detention on two bases. First, that while Defendant does not currently assert a violation of the Speedy Trial Act, his case, and eventual trial, is being delayed by the failure of the Office of the United States Attorney , and indirectly the Prince Georges County State's Attorney Office, to replace the attorney assigned to his case. Such a delay is, manifestly, not the fault of Defendant.

4. Defendant seeks review of his detention on another basis. It is apparent from the discovery provided to date that (1) the United States has no "victim" identified for the D.C. Code offenses,[1] and (2) no witness who will identify Defendant as being the putative shooter.[2] Thus, Defendant contends the government's case as to two of the three offenses appears much weaker than may have been indicated by the grand jury's return of the indictment.

5. Defendant submits that he will abide by any conditions of release the Court might desire, to include intensive supervision.

---

[1] Which are assault with a dangerous weapon, in violation of D.C. Code § 22-402 - (Count Two), and possession of a firearm during a crime of violence, in violation of D.C. Code § 22-4504(b) - (Count Three).

[2] Defendant also contends that there is no credible evidence that he was even at the scene of the shooting; that issue is expected to be a central aspect of the motion hearing, as it directly affects the question of probable cause.

Wherefore for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendant respectfully requests that this Court vacate his detention order and set conditions of release by placing him on personal recognizance, with such conditions as the Court deems desirable.

                                    Respectfully submitted

                                            /s/

                                    Richard K. Gilbert
                                    Bar. No. 939884
                                    601 Pennsylvania Avenue, N.W.
                                    Suite 900, South Building
                                    Washington, D.C.  20004
                                    (202) 898-0857

                                    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 05-170 (RJL) |
| | : | |
| CLIFTON RAY GORHAM | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO SET CONDITIONS OF RELEASE

18 United States Code §3142 provides the authority for this Court to amend Defendant's conditions of release. Defendant submits that the delay caused by the failure to have a prosecutor assigned to the case full time and the now apparent weaknesses in the government's case are legitimate reasons to reconsider the detention order.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant

4