**RICHARD K. GILBERT**
ATTORNEY AT LAW
601 PENNSYLVANIA AVENUE, N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C., 20004

----------

TELEPHONE (202) 898-0857

Ms. Rachel Lieber, Esq.                                    February 6, 2006
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

**Via Facsimile at 514-8707**   *fax sent 2/15/06  4:35 pm*

RE: Discovery: *United States v. Clifton Ray Gorham*, No. 05-170 (RJL)

Dear Ms. Lieber,

Since our status hearing before Judge Leon on January 19, 2006, I have not received any of the requested discovery from you. Although our motion hearing is not set until March 1, 2006, you may recall that I requested a date in early March because of my extensive appellate commitments the last week of February. Thus I would appreciate it if you could provide me the requested discovery by **Monday, February 13, 2006**.

I. *Brady* Demand

I understand from the pleadings filed by your predecessor that the government contends that the man Officer Banks was chasing was bald. The redacted police notes from the day in question indicated that at least one witness claimed that the putative shooter was wearing a ski mask. I believe that the testimony of this witness would be exculpatory information, at least as to the assault charge and the possession of a firearm during a crime of violence charge, consistent with *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. Therefore, I request that you provide me with the name and address of that witness, unless you actually plan to call that witness as a government witness.

II. Clothing

Mr. Gorham is adamant that the police officer who took his clothing from him after his arrest said that he was doing so for "evidence." I have asked, pursuant to Rule 16 of the Federal Rule of Criminal Procedure, to view that clothing which is, or should be, in the possession of some government agency, either the police or the jail. (Although I have moved to suppress the clothing as fruits of an illegal arrest, that does not mean that I do not want to see it - for all I know it may be exculpatory.) When he left, Mr. Acosta said that he had been unable to locate the clothing, but was going to

keep looking. Please let me know the results of the search for the clothing.. If the evidence is truly lost or destroyed, I reserve the right to move for appropriate relief.

III. Arrest Photograph

For reasons which I do not fully understand, our subpoena to the police for the arrest photograph of Defendant was apparently routed through the Assistant United States Attorney assigned to the case. At the status hearing, you indicated that you would see about getting the photograph directly. I would appreciate knowing if you have the photograph or if you plan to obtain it.

IV. Fingerprints

I note that the report from the fingerprint examiner which was provided merely concluded that the examination was "negative." Since that term can have several different meanings, I have requested that you provide me with any bench notes or photographs taken by the fingerprint examiner during his examination.

V. Firearms

While I have been given the <u>printed</u> worksheets and CV from the firearms examiner, I do not have the handwritten bench notes, which, in my experience, a firearms examiner would write as he was making his observations. I have previously noted my doubts that there was no detailed documentation to support the key observation - that the casings from the scene of the alleged shooting were fired in the recovered firearm.

VI. Defense Experts / Viewing Letters

Judge Leon has authorized me to hire an independent fingerprint examiner, Kenneth Scott, a fingerprint examiner who retired from the FBI. I would like to have Mr. Scott accompany me to Shannon Place to view the evidence. Therefore, I need another viewing letter that includes <u>both</u> his name and mine. Judge Leon has also approved an independent firearm examiner in this case. Mr. William Welch of Firearms Services, Ltd. retired from the Maryland State Police where he headed the Identification Section. He will need to examine the evidence at the firearms section because a comparison microscope is essential to make the examination and I am sure that it will be easier for everyone if he just uses the one at the firearms section rather than requiring the defense to take the evidence out of MPD custody and have it transported to Mr. Welch's office. Thus, after Mr. Scott examines the evidence at Shannon Place, I would ask that the evidence be transferred temporarily to the firearms section and another viewing letter for Mr. Welch issued.

V. Trial Exhibits

Mr. Acosta assured me that he would give me an opportunity, <u>prior to trial</u>, to view any diagrams, photographs, etc, produced for use as trial exhibits. While it may still be premature, please see that this request is maintained in the file.

Thank you for your consideration.

Sincerely,

Richard K. Gilbert

c.c.    Mr. Gorham