UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-170 (RJL) |
| | : | |
| v. | : | |
| | : | |
| CLIFTON RAY GORHAM, | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SET CONDITIONS OF RELEASE

*COMES NOW*, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to oppose defendant's motion to set condition of release, essentially seeking to overturn U.S. Magistrate Judge Alan Kay's detention order. In support of our opposition, we respectfully state as follows:

**Facts**

1. On April 19, 2005, at approximately 6:40 p.m., MPD Officer Dax Banks was in the vicinity of the west alley of the 1100 block of First Place N.W., Washington, D.C., when he heard four loud blasts. The officer proceeded northbound to the 1100 block of First Place N.W. to investigate. As he was approaching his destination, he saw several children running southbound screaming. An unidentified female pointed toward M St. N.W. and yelled "He went that way on a bike." After turning right onto M. St. N.W., Officer Banks observed a black male with a bald head and black shirt with blue jeans pedaling a bicycle towards the intersection of North Capitol and M St N.W.

2. Officer Banks immediately began driving towards the defendant to make contact and investigate the blasts. The defendant continued pedaling away from the officer, even though the

officer directed the defendant to stop. During this pursuit the defendant lost control of the bicycle, dropped and abandoned it, and continued to flee on foot. The defendant then ran across North Capitol Street. While running, the defendant began holding his waist area as if he were trying to conceal or retain an object. The defendant ran behind a large truck and removed and threw what the officer observed to be a black object into a nearby truck bed.

3. The black object, which was recovered by police, was a Glock semiautomatic handgun loaded with eight rounds in the magazine and one in the chamber. Further, four shells casings were recovered by the police in the 1100 block of First Place N.W. These shell casings were later determined to have been fired and ejected from the Glock handgun recovered in the truck bed.

## **Argument**

In support of the detention order, we wish to point out several salient reasons why the defendant should not be released. First, by reason of the grand jury's decision to charge the defendant in a three count Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, in violation of 18 U.S.C. § 922 (g)(1), Assault With a Dangerous Weapon, in violation of Title 22, District of Columbia Code, §402, and Possession of a Firearm During the Commission of a Crime of Violence or Dangerous Offense, in violation of Title 22, District of Columbia Code, §4504(b), the law establishes a presumption that defendant should be detained pending trial as a danger to the community and a flight risk. That presumption having been established, it is upon the defendant to rebut that presumption. We submit that nothing in his instant motion for release overcomes that presumption. Second, the defendant long prior criminal record, the nature of this case, and weapon possession, confirms the wisdom of the presumption. Indeed, the defendant cites no new evidence

or facts to overcome that presumption.

Equally important, releasing this defendant places the community at risk. A review of the defendant's criminal background is significant because the defendant was convicted of Escape in 1999, Distribution/PWID cocaine and heroin in 1998, Prison Breach in 1994, Second Burglary in 1982 (youth act), and Attempted Robbery in 1982 (youth Act).

Indeed, from defendant's motion, there is no basis for this Court to conclude that the Magistrate erred in his detention order, and this Court should uphold that decision. In fact, at the time of his current arrest, the defendant had been released on a Superior Court felony drug charge, was on probation for another offense, and had a prior escape and prison breach convictions. This shows that the defendant cannot be trusted to obey the Court's orders and to refrain from committing new crimes if released under some form of judicial supervision. This directly implicates both the risk of danger to the community and of flight. The rationale for detaining an individual is the fear that he will not obey an order to return to court or to obey the law. The release of any defendant must, therefore, be predicated on the Court's belief that its order will be obeyed. Consequently, a record of disobeying other court orders while on some form of judicial release – including probation or parole or pretrial release or escape -- is a potent sign that the same person cannot be trusted to obey any order of the court, including an order to return to court when required. "As in any human endeavor, what is past is prologue and there can be no better evidence bearing on whether the defendant will appear when required than whether he has appeared when required in the past *and has been faithful to the conditions of his conditional release, probation, or parole.*" United States v. Battle, 59 F.Supp.2d 17, 20 (D.D.C. 1999) (emphasis added), Facciola, MJ., citing United States v. Robinson, 27 F.Supp.2d 1116 (S.D.Ind. 1998) "[A]scertaining whether a defendant presents a

serious risk of flight requires inquiry into his behavior when released previously on conditional release, probation, or parole." United States v. Battle, supra, id.  Consequently, release of the defendant raises an exceptionally severe risk of danger and flight.  With each arrest and conviction, he essentially was thumbing his nose at the Judge in the Superior Court to whom he gave a solemn oath that he would commit no crime while released.  The Government submits that the overall picture is of a person calculatedly, persistently, and flagrantly breaking his bail, his word to the Court, and the criminal law.

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests that this Court deny defendant's motion for release.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney


_____/s/_____
EMORY V. COLE
ASSISTANT UNITED STATES ATTORNEY
555 4th Street, N.W., Room 4838
Washington, D.C. 20001
(202) 616-3388