IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| | * |
| v. | *   CR. NO. 05-170-01(RJL) |
| | * |
| | * |
| **CLIFTON RAY GORHAM** | * |
| | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S RESPONSE TO GOVERNMENT'SMEMORANDUM FOR REMOVAL OF THE DEFENDANT FROM THE TRIAL PROCEEDING

Counsel for Defendant Gorham states the following points and authorities in response to the Government's motion to exclude the defendant from the trial proceedings:

1. It is settled law that the defendant has a constitutional right to be present at most states of his criminal prosecution. The Supreme Court has recognized that a criminal defendant has the right to be present during proceedings -- "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge…." *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, [**5] 78 L. Ed. 674, 54 S. Ct. 330 (1934) (Cardozo, J.); see id. at 108 ("The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence."); see also *Kentucky v. Stincer*, 482 U.S. 730, 745, 96 L. Ed. 2d 631, 107 S. Ct. 2658 (1987); *United States v. Gagnon*, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 105 S. Ct. 1482 (1985). *United States v. Kennedy*, 952 F. Supp. 5, 7 (D.D.C. 1997).

2. This right is grounded in both the Sixth Amendment right to confrontation and the Fifth Amendment right to due process. *Singletary v. United States*, 383 A.2d 1064, 1070 (D.C. 1978). See *Illinois v. Allen*, 397 U.S. 337, 338 (1970); Westen, *Confrontation and Compulsory Process: A Unified Theory of Evidence in Criminal Cases*, 91 Harv. L. Rev. 567, 591 (1978) (Sixth Amendment right to compulsory process generates right to presence during presentation of defense case).

3. Federal Rule of Criminal Procedure R. 43(a) (2) also requires that: "the defendant must be present at … at every stage of the trial including the impanelment of the jury and the return of the verdict,…".

3. In limited circumstances, the defendant may forfeit his right to be present or the defendant's presence may not be essential if counsel is present to protect the defendant's interests. *See Illinois v. Allen*, 397 U.S. at 343 (no abuse of discretion in having defendant removed after repeated warnings, where defendant "continued to conduct himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial could not be carried on with him in the courtroom")

4. Rule 43(c)(1)(C) also contains provisions for when the defendant can waive his right to be present under circumstances "when the Court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom."

5. In his concurring opinion in *Allen*, Justice Brennan stressed that the Court should make every effort to enable an excluded defendant to communicate with his attorney and to be appraised of the progress of the trial. 397 US at 351, 90 S.Ct. 1057.

6. Clearly the defendant's exclusion from the trial will have a prejudicial effect on the jury, who will undoubtedly note the irregularity. However the prejudice would be greater if the defendant appears before the jury in the disruptive manner described in the Government's pleadings. Appearance before the jury bound and gagged would also be of greater prejudice than exclusion.

7. In this case, the Court should hold a hearing on this issue and advise the defendant of his right to be present at the trial and the prejudice attendant to his exclusion in order to attempt to obtain the defendant's assurance that he will not be disruptive during the trial. Failing that assurance, the Court must explore the realistic possibilities for keeping the defendant appraised of the current developments of the trial and in communication with his attorney.[1]

Wherefore, Defendant's counsel respectfully requests a hearing on the Government's Motion to Exclude the Defendant from the Trial.

Respectfully submitted,

---

[1] Consultation with Jon Kramer of the US District Court indicates that close circuit television is not available to either the cellblock or the holding cell behind the courtroom at this time.

_____
JOANNE RONEY HEPWORTH
601 Pennsylvania Ave. NW
Suite 900, South Building
Washington, D.C. 20004
(202)789-0037
Fax 301-320-0867
Attorney for Defendant Clifton Gorham

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion was served on all parties electronically on this 18th day of September, 2008.


_____
Joanne Roney Hepworth